UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW R. RUTH,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK GLEBE,<br><br>    Respondent. | C15-533-TSZ-JPD<br><br>ORDER GRANTING SECOND EXTENSION OF TIME TO FILE REPLY TO ANSWER AND DENYING APPOINTMENT OF COUNSEL |

I.     INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on petitioner's January 21, 2015 motion for a second extension of time to file a reply to the respondent's answer and request for appointment of counsel in this 28 U.S.C. § 2254 habeas action, Dkt. 30, and a January 27, 2016 motion to supplement the January 21, 2016 submissions, Dkt. 33. Respondent opposes petitioner's requests. Dkt. 31. The Court, having considered petitioner's motions, Dkts. 30, 33, respondent's opposition, Dkt. 31, and the balance of the record, hereby GRANTS IN PART AND DENIES IN PART petitioner's motion for a second extension of time and appointment of counsel, Dkt. 30, and DENIES petitioner's motion to supplement his January 21, 2016 submissions, Dkt. 33.

ORDER
PAGE - 1

II.     DISCUSSION

A. <u>Background</u>

Petitioner's reply to respondent's Answer was initially due on December 4, 2015. However, on November 25, 2015, petitioner requested a thirty-day extension of time to prepare and file his reply due to his limited access to certain legal materials.  Dkt. 26.  By Order dated December 9, 2015, the Court granted petitioner's request, and informed petitioner that his reply memorandum was due no later than Friday, January 8, 2015.  Dkt. 27.

On January 5, 2016 and January 12, 2016, the Court received letters in the undersigned's orders box from an individual who is apparently petitioner's fiancé, Kris Kain, informing the Court that petitioner had been moved from the general population to disciplinary segregation at Stafford Creek Corrections Center and placed on a pencil and paper restriction. Consequently, Mr. Kain argued that petitioner was being denied access to the courts and would miss his January 8, 2016 reply deadline in this case.  Dkt. 28; Dkt. 29.

On January 21, 2016, petitioner filed the instant motion requesting a sixty-day extension of time to file his reply to respondent's Answer due to the fact that he was not allowed to access his legal papers, pen, or paper while he was in segregation.  In addition, he asks the Court to appoint counsel to represent him in this action.  Dkt. 30.  On January 27, 2016, petitioner filed a motion to supplement his prior motions by adding "these seven exhibits to the above motions."  Dkt. 33.

B. <u>Future Motions and Non-Party Communications</u>

The Court notes that in addition to this habeas action, petitioner currently has a civil rights case, Case No. C14-1388-BHS-KLS, pending before the Honorable David W. Christel in Tacoma, Washington.  Petitioner's two motions discussed above, Dkts. 30 and 33, were docketed in both cases as they contain arguments pertaining to either the habeas case, the civil rights action, or both.  This intermingling of arguments relevant to the two ongoing cases has made it extremely difficult for respondent and the Court to discern which arguments relate to

which action.  As an example of the resulting confusion, respondent mistakenly believed that petitioner was seeking permission to amend his habeas petition to include new claims relating to the retaliation by prison officials he alleges he is currently experiencing.  Dkt. 31 at 1.  Respondent opposed any such amendment of the habeas petition on the grounds that such claims must be brought in his civil rights action.  *Id.* at 2.  Petitioner was then forced to clarify the fact that he is seeking leave to amend his complaint in his civil rights case, but is not seeking permission to supplement or otherwise amend his habeas petition.  Dkt. 32 at 2.  Rather, he is only seeking an extension of time and appointment of counsel in this case.  *Id.* at 6.

To avoid any such confusion in the future, **petitioner is directed that any future motions filed in this case must only relate to his habeas petition.**  If petitioner files another motion relating to his pending civil rights case in this action, it will be stricken from the record.

In addition, although the Court, out of an abundance of caution, docketed the email communications that Ms. Kain sent to Court in January 2016, email is not an appropriate way to contact the Court.  Moreover, Ms. Kain is not a party to this case.  Petitioner is advised that **no future communications from Ms. Kain or any other non-party, via email or otherwise, will be accepted or considered by the Court**.

    C.  Motion for Extension of Time

As mentioned above, petitioner seeks a sixty-day extension of time to file his Reply to respondent's Answer in light of his recent time in segregation and restricted access to his legal materials, books, pen, and paper.  Dkt. 30.  Respondent opposes this request, arguing that petitioner "fails to provide any reasonable explanation as to why he should be given another extension of time. The fact that he failed to comply with the institutional rules and as a result was put in segregation does not justify another extension." Dkt. 31 at 1-2.  In light of petitioner's serious claims of retaliation by correctional officers at the prison, the Court is not persuaded by respondent's argument that petitioner's transfer to segregation is a poor

ORDER
PAGE - 3

explanation for his delay in filing his reply.[1]  Although respondent is correct that the appropriate forum for challenging the actions of DOC employees is his pending civil rights action, it does not follow that petitioner should necessarily be denied a meaningful opportunity to respond to respondent's Answer in his habeas case.

Petitioner's motion for a sixty (60) day extension of time to file his reply, Dkt. 30, is GRANTED IN PART.  Petitioner is directed to file his reply by no later than Friday, **March 25, 2016**.  Petitioner is advised that **NO FURTHER EXTENSIONS WILL BE GRANTED**.  In his reply, petitioner is also directed to respond to respondent's argument that three of petitioner's federal habeas claims are now procedurally defaulted and consequently non-reviewable in these proceedings.  Dkt. 22 at 21.

D.  Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel, Dkt. 30, is DENIED.  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  At this juncture, it does not appear that an evidentiary hearing will be required in this matter.  The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.  However, petitioner also fails to demonstrate that the interests of justice are best served by appointment of counsel.  As respondent points out, petitioner has demonstrated his ability to present complicated legal arguments in his habeas corpus habeas petition. Dkt. 9.

---

[1] Indeed, petitioner's allegations of retaliation are perplexing.  The Court is left scratching its head as to why a prisoner being infracted for a "dirty UA" was denied access to a pen, paper, or books for many days.  Dkt. 30 at 6.  However, these issues are not before this Court.

ORDER
PAGE - 4

E. <u>Motion to Supplement the Pending Motions</u>

Finally, petitioner's motion to supplement the pending motions, Dkt. 33, is DENIED. As noted above, this motion contains seven exhibits that appear to relate to his pending civil rights action rather than his habeas action. These exhibits are not properly part of the record in this case.

### III. CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART AND DENIES IN PART petitioner's motion for a second extension of time and appointment of counsel, Dkt. 30, and DENIES petitioner's motion to supplement his January 21, 2016 submissions, Dkt. 33. The Clerk of Court is directed to **RE-NOTE** petitioner's habeas petition, Dkt. 22, for consideration on **Friday, March 25, 2016**. The Clerk is further directed to send copies of this Order petitioner, counsel for respondent, and the Honorable Thomas S. Zilly.

DATED this 17th day of February, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge