UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW R. RUTH,

    Petitioner,

 v.

PATRICK GLEBE,

    Respondent.

NO. C15-533-TSZ-JPD

ORDER REQUESTING
SUPPLEMENTAL BRIEFING

Petitioner is proceeding *pro se* in this 28 U.S.C. § 2254 habeas action, in which he presents seven grounds for relief. *See* Dkt. 4 at 3-4. Respondent concedes that petitioner exhausted some of his claims, asserts that he failed to exhaust others, and briefs the merits of only those claims respondent deemed exhausted. *See* Dkt. 22 at 20. Petitioner contends that he fully exhausted all of his federal habeas claims. Dkt. 40 at 8-9.

The Court's initial review of this action shows that petitioner exhausted some of the claims respondent deemed unexhausted. Accordingly, the merits of these claims have not been briefed by the parties. The Court thus ORDERS:

(1) On or before **July 1, 2016**, respondent shall file a supplemental brief that addresses the merits of the following grounds for relief:

ORDER - 1

- Ground 2(b): Petitioner's confrontation and fair trial rights were violated when he was unable to cross-examine his girlfriend, Ms. Woerner, because the prosecutor decided not to call her as a witness following an in-chambers conference.[1]

- Ground 3: Petitioner's right to counsel was violated when the defense was denied an opportunity to participate in formulating the response to the jury inquiry about Ms. Woerner's pretrial police statement.

- Ground 6: Petitioner's constitutional right to be present was violated when he was not permitted to be present for the in-chambers conference pertaining to Ms. Woerner and her testimony.

(2) On or before **July 8, 2016**, petitioner may file a supplemental traverse.

(3) The Clerk shall RE-NOTE respondent's answer, Dkt. 22, for July 8, 2016. The Clerk shall also send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

DATED this 14th day of June, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[1] Although petitioner's second ground for relief is somewhat difficult to understand, it appears he is arguing that (a) the trial judge violated his right to a public trial when the judge held an in-chambers conference to discuss whether Ms. Woerner would be called as a witness, and (b) petitioner's subsequent inability to cross-examine Ms. Woerner violated his confrontation and fair trial rights. Dkt. 4 at 23-24, 25, 29-33. Sub-claim (a) is unexhausted. Respondent interprets petitioner's second ground for relief differently: "Ruth appears to allege that under the Ninth Circuit *Juan* precedent the trial court's responding to the jury question about Woerner's statement violated his constitutional rights." Dkt. 22 at 20.

ORDER - 2