DISTRICT COURT JUDGE THOMAS S. ZILLY
MAGISTRATE JUDGE JAMES P. DONOHUE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW R. RUTH,<br><br>                    Petitioner,<br><br>        v.<br><br>PATRICK GLEBE,<br><br>                    Respondent. | NO.  C15-533-TSZ-JPD<br><br>SUPPLEMENTAL ANSWER<br><br>**NOTE FOR:  JULY 22, 2016** |

The Respondent through his attorneys, ROBERT W. FERGUSON, Attorney General, and ALEX KOSTIN, Assistant Attorney General, submits this supplemental answer, per the Court's June 14, 2016 order.

## I.     ARGUMENT

**In The Absence Of The Contrary Supreme Court Precedent, The State Court's Adjudication Of The Claims Cannot Be Contrary To, Or An Unreasonable Application Of, Such Precedent**

This Court concluded that Ruth properly exhausted a part of his federal habeas second claim that the Court interpreted as a violation of Ruth's confrontation and trial right when he allegedly could not cross examine Woerner. The court also concluded that Ruth's third habeas claim, that his right to counsel was violated when defense counsel was denied opportunity to participate in the court's response to a jury inquiry, was properly exhausted as well. The Court

//
//

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1  also held that Ruth properly exhausted his sixth claim, that his right to be present was violated

2  when he was not present at an in-chambers conference.[1]

3  This Court should deny relief because, in the absence of the contrary Supreme Court

4  precedent, the state courts' adjudication on the merits cannot be contrary to, or an unreasonable

5  application of, such precedent.

6  **A.    Alleged Violation Of Right To Be Present At The In-Chambers Conference**

7  The state supreme court denied the claim on the merits holding that even if Ruth had a

8  right to be present at the in-chambers discussion, he failed to show he was prejudiced. Exhibit

9  22, at 4 n. 2 (citing to *State v. Irby*, 170 Wn.2d 874, 886-86 (2011)). *Irby* reiterated that

10 Washington courts, when addressing due process claims regarding right to be present, use

11 *Rushen v. Spain*, 464 U.S. 114, 117-118 (1983) harmless error analysis. *Irby*, 170 Wn.2d at

12 885. In the absence of the Supreme Court holding that an in-chambers conference where the

13 State explained its reasons for not calling its witness was a critical stage of trial requiring

14 defendant's presence, the state court's adjudication cannot be contrary to, or an unreasonable

15 application of, such precedent.

16 A defendant has a right to be present at every critical stage of the trial. *Diaz v. United

17 States*, 223 U.S. 442 (1912); *Illinois v. Allen*, 397 U.S. 337, 338 (1970); *United States v.

18 Gagnon*, 470 U.S. 522, 526 (1985) (*per curiam*). However, this right is not absolute. The right

19 applies only when the defendant's presence "has a relation, reasonably substantial, to the

20 fullness of his opportunity to defend against the charge. . . . [T]he presence of a defendant is a

21 condition of due process to the extent that a fair and just hearing would be thwarted by his

22 absence, and to that extent only." *Gagnon*, 470 U.S. at 526 (quoting *Snyder v. Massachusetts*,

23 291 U.S. 97, 105-06 and 108 (1934), *overruled in part on other grounds by*, *Malloy v. Hogan*,

24 378 U.S. 1 (1964))). No violation occurs where the hearing concerned only legal, procedural

25 or administrative matters. *Gagnon*, 470 U.S. at 526-27. The right also may be waived by

26 ---
[1] Respondent respectfully maintains these claims are not properly exhausted.

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

express waiver, voluntary absence, failing to assert the right to presence, or failing to object to the denial of the right. *Id*. at 528-29; *Taylor v. United States*, 414 U.S. 17, 19-20 (1973); *United States v. Rewald*, 889 F.2d 836, 854 (9th Cir. 1989); *Brewer v. Raines*, 670 F.2d 117, 119-20 (9th Cir. 1982); *Campbell v. Wood*, 18 F.3d 662, 671-73 (9th Cir.) (1994)(*en banc*). A violation is subject to harmless error analysis. *Rushen v. Spain*, 464 U.S. 114, 117-20 & n.2 (1983) (*per curiam*); *Miller v. Stagner*, 757 F.2d 988, 995-96 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986); *Rice v. Wood*, 77 F.3d 1138, 1144 (9th Cir. 1996) (en banc); *Hegler v. Borg*, 50 F.3d 1472, 1477-78 (9th Cir. 1995).

The state court's adjudication was not contrary to, or an unreasonable application of, the Supreme Court precedent, *above*. The conference initially took place in chambers and the trial court "in an overabundance of caution" had attorneys later on record explain what occurred there. The conference concerned only procedural or administrative matters. ECF 22, Answer, at 24. The prosecutor explained he decided not to call State witness Woerner because he believed she would commit perjury. Woerner previously gave a sworn statement corroborating Ruth victims' accounts of the events. *Id.* The prosecutor informed defense counsel about his decision and suggested that defense might want to talk to Woerner. After talking to Woerner, defense counsel determined she needed independent legal advice and explained to the court that he was not going to call Woerner as a defense witness. *Id.* at 25. In his later declaration, defense counsel explained the reasons for the decision not to call Woerner – if called, she would have either corroborated her earlier statement supporting State theory or would have been easily impeached by it. *Id.*

No Supreme Court opinion held that the brief conference set for administrative and procedural purposes was a critical stage of the trial requiring Ruth's presence. *See above*. His presence at the hearing where the State explained why it was not calling Woerner and defense confirmed it talked to her could not have a reasonably substantial relationship to the fullness of Ruth's opportunity to defend himself. *Snyder*, 291 U.S. at 105-106. That is particularly so in

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

light of the state supreme court factual finding that defense counsel could have called Woerner, but decided after the hearing, *upon consulting with Ruth,* not to do so.  Exhibit 22, at 2.  *See also*, Respondent's Exhibit 13 (Exhibit 21 attached to it is defense counsel's motion to withdraw where he stated, "After giving a matter some thought and conferring with my client, I decided not to call Ms. Woerner as a witness at trial.  I believe her testimony would be either corroborative of the victims' testimony , or easily impeached by her prior statement [the sworn taped statement where Woerner corroborated victim's accounts of shooting]").

The in- chambers conference was not a critical stage of the trial.  Even if it was, the state court reasonably adjudicated the claim concluding Ruth suffered no prejudice under *Rushen* harmless error analysis (defense counsel decided, upon conferring with Ruth, not to call Woerner.)

**B.  Alleged Denial Of Counsel When The Court Responded To A Jury Question During Deliberation**

The state supreme court did not appear to address the claim on the merits.  The state court of appeals, however, denied it after holding Ruth failed to show any prejudice.  Exhibit 17, at 2 fn. 1.

Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings.  *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citations omitted).  The state appellate court's adjudication cannot be contrary to, or an unreadable application of, the Supreme Court precedent.  Respondent was unable to find, nor does Ruth cite to any, Supreme Court case law that holds that jury deliberation is a critical stage of the trial requiring defense counsel to be present at and patriciate in the court's response to the jury question.  "Because none of our cases confront "the specific question presented by this case," the state court's decision could not be "contrary to" any holding from this Court."  *Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015) (citing to *Lopez v. Smith,* 135 S. Ct. 1, 4, 190 L.Ed.2d 1 (2014) (*per curiam* )).  In the absence of the Supreme Court precedent, the state court's

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

determination could not be an unreasonable application of its precedent. This Court should deny relief on this basis.

### C. Ruth's Claim That His Constitutional Rights Were Violated When He Could Not Cross Examine Woerner Is Frivolous

The state supreme court denied this claim on the merits. *See* Respondent's Exhibit 22, at 3 ("[Ruth] further argues he had a right to cross-examine Woerner about the matter. But this has nothing to do with the right to a public trial in the circumstances of this case… [D]efense could have called Ms. Woerner as a witness, but after speaking with her and consulting with Mr. Ruth, he decided not to do so").

Respondent's research did not produce any, nor does Ruth cite to, Supreme Court precedent that would hold that criminal defendant's constitutional rights were violated when he did not cross examine the State witness that the State chose not to call, especially in light of defense counsel consulting with defendant and deciding not to call the witness as well.

Ruth appears to be fixated on the idea that *United States v. Juan*, 704 F.3d 1137 (9th Cir. 2013) holding created a new federal constitutional claim allowing him to litigate the panoply of alleged violations centered on the in-chambers conference in his case. Ruth is wrong. He fundamentally misunderstands the nature of AEDPA 28 U.S.C. 2254 proceedings and applicable legal standards. Respondent explained in his answer (ECF 22, at 26) that in *Juan*, the Ninth Circuit Court of Appeals exercising its supervisory powers over lower federal courts, concluded that state interference with its witnesses can violate due process. *Id.* In *Juan,* the Ninth Circuit Court of Appeals openly acknowledged the "dearth of precedent" on its novel extension of *Webb v. Texas*, 409 U.S. 95 (1972) to an entirely different factual context.

Importantly, the Supreme Court never extended its rulings as far as the Ninth Circuit Court of Appeals did in *Juan*. In light of the state court's denial of the claim on the merits, this Court can grant relief if the state court's adjudication was contrary to, or an unreasonable application of, the Supreme Court precedent only. ECF 22, at 27-30. *Juan* is a decision where

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1  the Ninth Circuit exercised its supervisory jurisdiction. It is inapplicable in the federal habeas petition proceedings initiated by Ruth, a state inmate who filed his petition under AEDPA's 28 U.S.C. § 2241. AEDPA jurisprudence is very clear that for the purposes of "contrary to or an unreasonable application of clearly established federal law" analysis, only Supreme Court decision decisions are relevant. ECF 22, at 29.

In the absence of the Supreme Court extending *Webb* to state witnesses, the state courts' adjudication cannot be contrary to the Supreme Court precedent. "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as an error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014). Where the ' "precise contours" ' of [a] right remain ' "unclear," ' state courts enjoy 'broad discretion' in their adjudication of a prisoner's claims." *White,* 134 S. Ct. at 1705 (quoting *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003). *See also*, *Nevada v. Jackson*, 133 S. Ct. 1990, 1993 (2013) (state court decision not contrary to the Supreme Court precedent where no Supreme Court decision establishes that the notice requirement upheld by the state courts is unconstitutional); *Lopez v. Smith*, 135 S. Ct. 1 (2014) (circuit courts cannot, in the absence of the supreme court holding on point, use their precedent to frame general principles announced by the supreme court to a specific legal rule never announced by the supreme court). This Court should deny relief on this basis.

Finally, this Courts should deny relief because the claim is frivolous. Nothing prevented Ruth from calling Woerner after the State decided it would not call her. Yet he, in consultation with his defense attorney wisely chose not to do so. Exhibit 22, at 4. As his attorney explained, calling Woerner would result in her impeachment by her earlier inconsistent statement (assuming she would testify differently) or her confirming her earlier statement that harmful to Ruth's defense. *See above*.

//

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## II. CONCLUSION

Based on the above, this Court should deny relief on Ruth's claims and dismiss his petition with prejudice.

RESPECTFULLY SUBMITTED this 28th day of June, 2016.

ROBERT W. FERGUSON
Attorney General

s/ Alex Kostin
ALEX KOSTIN, WSBA #29115
Assistant Attorney General
Corrections Division
PO Box 40116
Olympia WA  98504-0116
(360) 586-1445
AlexK@atg.wa.gov

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

7

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused to be electronically filed the SUPPLEMENTAL ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

MATTHEW R. RUTH DOC# 879492  docwspinmatefederal@doc1.wa.gov
WASHINGTON STATE PENITENTIARY
1313 NORTH 13TH AVENUE
WALLA WALLA WA  99362

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 28th day of June, 2016, at Olympia, Washington.

s/ Janine Latone
JANINE LATONE
Legal Assistant 3
Corrections Division
PO Box 40116
Olympia WA  98504-0116
(360) 586-1445
JanineL@atg.wa.gov

SUPPLEMENTAL ANSWER
C15-533-TSZ-JPD

8

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA  98504-0116
(360) 586-1445