District COURT JUDGE THOMAS S. ZILLY
THE HONORABLE MAGISTRATE JUDGE JAMES P. DONOHUE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW R. RUTH,

PETITIONER,

V.

PATRICK GLEBE,

RESPONDENT.

No. C15-533-TSZ-JPD

SUPPLEMENTAL TRAVERSE

Note for: July 8th, 2016

1. OPENING STATEMENT

AAG Kostin did not address the confrontation
issue as ordered by this Most Honorable court. Instead
he took a second stab at Ground one the Juan/
Public trial Right claim. Kostin Even Lies claiming

-1-

That I agreed with counsel's decision to Not
Put MS. woerner on the stand. This is a lie as
counsel Dold informed the Trial court in sentencing
when DPA Adcock first spread this untruth. Besides
it was DPA Adcock's Duty to Place woerner on the
Stand Not the Defense. I was deprived the Right to
Cross-Examine MS. woerner & my confrontation Rights were
Violated by the trial Judge relieving DPA Adcock of
his Duty to Put woerner on the stand. This Happened
off the Record IN the secret IN-chambers Hearing. ECF 4 at
10; 2/14/03 Sentencing RP 3-7.

     Next, AAG Kostin intentional misleads this court
on the Denial of counsel issue. The state court's agreed
with the merits. They Rejected the issue because they
applied Harmless error to a clearly established structural
error claim. Because the U.S. Supreme court has clearly
Held it is structural error to deny counsel at a
critical stage it is clearly "contrary to" when
the state court rejected my claim solely because

-2-

I allegedly failed to show prejudice. The state court also did this on my public trial right issues as I argued to the State Supreme court & this court. FROST V. VAN BOENING, 757 F.3d 910, 914 (c.a. 9 (wash.) 2014); ECF 4 writ memorandum at 2, 3, 37.

Next, the AAG states that depriving counsel & I, the opportunity to participate in the formulation of the response to the "Juries inquiry" is not a critical stage. The 9th cir. disagrees, please see MUSLADIN V. LAMARQUE, 555 F.3d 830, 841-43 (9th cir. 2009). Besides the lower court agreed with the critical stage argument, they rejected the claim based on a "contrary to" prejudice standard. This means the only question at issue is whether it is "contrary to" when requiring me to prove prejudice on a structural error? The answer is yes.

Next, I respectfully asks this Court to Please Re-examine the question of whether I exhausted the Public trial Right issues. I used the exact Federal Constitutional amendment, used the Public trial Doctrine Language, and United States Supreme Court cases using federal constitutional analysis in the Appellate Court & State Supreme court.

I Respectfully asks that this court grant an evidentiary Hearing, New Trial, or Dismiss all counts with Prejudice.


2. Reasons why AAG KOSTIN IS WRONG

A.) On Page 2 of the Answer AAG KOSTIN argues that the In-chambers Conference was Not a critical Stage. AAG Kostin ignores what really happened to cause the In-chamber hearing; what happened In-chambers, and how My FAIR TRIAL Rights were Prejudiced by this Secret hearing. Not to mention that No Record was Made by the Trial Court of what the Public saw between Adcock & Woerner, or From MS. Woerner.

AAG Rostin misclassifies the in-chamber hearing as a "conference where the state explained its reasoning for not calling its witness." This is untrue, the conference was called after Defense Counsel told the Trial Judge that Ms. Woerner was threatened & assaulted by the Prosecutor. The record proves that a motion for new trial, dismissal for Government Misconduct, and motion to appoint counsel were discussed in trial. Mr. Adcock reminded the court this at sentencing when the Judge denied our motion for continuance to interview Ms. woerner. The conversation in-chambers went beyond a ministerial conversation. Discussed was an issue of substance, a confrontation that occured between Adcock & Ms. Woerner. ECF at 5-6. The perjury accusation made by DPA Adcock in reality was Ms. Woerner refusing to lie for Adcock & wanting to speak 100% truth. I have proved this with affidavits & P.I. investigation. The state ignored this evidence & my request for an evidentiary hearing. This court should grant me an evidentiary hearing.

This was a conversation of substance that concerned a material Res Gestae Eye witness who substantively corroborated my Defense & testimony.

-5-

I proved this many times to the state
court & in the writ of Habeas Corpus
memorandum I filed with this court. Please
see ECF 4 Memorandum at 8-9, 13-19, 22-23,
26-27, 29-30, 36, 43, 45, 50.

Plus DPA Adcook admitted the substance
of Ms. Woerner's Adverse Police statements
through the testimony of state's witnesses &
in closing. ECF 4 at 8, 13-17; RP 164, 200, 207,
247, 294-95, 299-301, 313-14, 297-98. This implicates
My confrontation Rights & Right to cross-examination.
So the in-chamber Ruling by Judge Hulbert to
relieve the state of it's duty to present Ms.
Woerner to the jury violated my confrontation

-6-

rights & Right to cross-Examination, therefore, making the IN-chamber hearing a critical Stage. ROVINSKY V. MCKASKLE, 722 F.2d 197 (5th cir. 1984). Statements concerning the creDibility of witnesses, whether they will Need counsel, whether there is Perjury, and substantial Government Interference is 100% a critical stage that I had the Right to be Present. Had I been present I would have asked that Ms. woerner & the Public witnesses to the Hallway confrontation were Interviewed on Record about the confrontation & alleged Perjury. I would have asks that the state put woerner on the stand so we could cross-examine

−7−

Ms. Woerner, I would have asks that the original police statement be ruled inadmissible & only the 100% Truth from Woerner be admitted into trial. This is exactly what the Trial Judge did in Juan. The Judge in Juan denied the Government's motion to introduce as Evidence C.J.'s earlier statements to the police. U.S. v. Juan, 704 F.3d 1337, 1140 (9th Cir. 2012). I would have been in the Best Position to assist my Attorney had I been present. In light of the representations made by the Public Witnesses, Ms. Woerner, Stephens, and DPA Adcock I should have been present for the full hearing

-8-

Concerning the Hallway confrontation & issues
pertaining to Ms. Woerner rather than have
to rely on a summary characterized by defense
counsel as "more or less what's happen." RP 180.
For this reason the In-chamber hearing is
critical & not a trivial closure. This violated
my right to be present, public-trial rights, confrontation,
and fair-trial rights. Please grant me an
Evidentiary hearing, new trial, or dismiss all my
charges. I did suffer prejudice.

B.) On page 4 of the AAG's supplemental
response he claims that I suffered no
prejudice. Aside the obvious prejudice
shown above I demonstrated more

-9-

prejudice in Exhibit 3 of the Traverse.

Exhibit 3 is the Supplemental brief

filed in the state supreme court. on

pages 12-14 I Show that Before the

In-chamber hearing DPA Adcock asked

alleged victim Eden what Ms. Woerner "was

doing during all this?" Drew Eden replied

"I Remember her being freaked out... And she was

Saying, like 'Matt, Stop. Stop.'" RP 164. After the

In-chamber hearing and during My Direct

examination Defense counsel Attempted to Rebut

this Adverse Hearsay by asking me the

same question. DPA Adcock objected And

Defense counsel Explained Woerner was

—10—

used in the state's case-in-chief. Judge
Hulbert said that was not his recollection
And instructed the Jury to make their own
"conclusion about their Recollection." RP 246-47,
However, the Jury had to draw their conclusion
without me being able to defend against
DPA Alcock's Biased & one sided Adverse
version. The in-chamber Proceeding combined
with the Biased & Prejudicial ruling from Judge
Hulbert prevented me from defending against
the woerner Hearsay & from presenting my theory
of self-defense which woerner & Poole both
Ⴀ corroborated. RP 207, 221, 223-28, 247, 266-67,
294-95, 297-301, 309. This caused the Jury to

−11−

inquire about MS. woerner's Police statement.
Proving the Verdict is not accurate or trust-
worthy. The Jury would also be confused as to
why woerner would not defend me in trial
of I truly defended her.

Think about this, of Judge Hulbert really
did not Remember the Korder testimony about
woerner, the custer & Eden testimony about
woelner, He really did not Remember DPA
Adcock using woerner's Adverse statements
in their case in chief, then Judge Hulbert
did not Remember In-chambers when
violating My confrontation Rights And My
Right to Be Present. Judge Hulbert caused

12

the Jury to inquire about Ms. Woerner
during deliberations. this is prejudicial the
Jury did not get to hear my defense against
the Woerner hearsay, nor Woerner's version
of events. I would have been found not
guilty if the Jury would have.

next, when I told the Jury, when
I tried to tell the Jury about OPA Adcock
threatening Ms. Woerner & that is why she
is not testifying, Judge Hulbert threatened
to place me in restraints, in front of
the Jury. RP 266-267, 281. The Jury should
have been told about the threats to explain
for Ms. Woerner's absence. U.S. v. Thomas, 86 F.3d 647,

654 (1996); ECF 4 at 13. "the evidence of threats is necessary to account for the specific behavior of a witness, that if unexplained, could damage a party's case." Thomas at 654. I relied heavily on protecting Ms. Woerner in my defense, so it was very strange to the Jury that Ms. Woerner did not testify, and the court would not let me rebutt the adverse hearsay elicited through the testimony of Morder, Custer, and EDEN & used by Wood in closing. Instead, I was threatened by Judge Aubert for trying to tell the Jury the truth. I was prejudiced.

C.) The U.S. Supreme court has held

that a denial of counsel claim is

Structural Not Harmless. MUSLADIN V.

LAMARQUE, 555 F.3d 830, 841-43 (9th cir.

2009); ECF 4 at 37-38.

The state court applied harmless

error to this claim. That is clearly

contrary to federal law. ECF 4 at 37.

AAG Rostin attempts to mislead this court and

make the issue about the merits. The state

court conceeded to the merits of the claim.

The state court only rejected this claim for failure

To prove prejudice. AAG Rostin incorrectly says

That jury deliberations are not a critical

stage. the 9th circuit disagrees and has ruled that it is clearly established federal law that denying the defense the opportunity to participate in the formulation of the response to a jury inquiry during deliberations is a critical stage. See Musladin at 841-43. This court should order an Evidentiary hearing or New trial for this clear cut issue. Frost v. Van Boening, 757 F.3d 910, 914 (C.A. 9 (wash) 2014).

D.) On page 5 AAG Kostin Readdresses my Wood v. Texas & Juan issues. AAG Kostin was Not ordered to Address this issue & He already did. He was supposed to Address my

confrontation issue. He claims the Juan
case has different facts than my case. This
is only a little bit true. The only place
my facts differ from Juan is where he
lost. Unlike Juan I have proven that
the threats were communicated to the state's
witness & made her scared to testify. So
scared she was appointed counsel well, they
were ordered to appoint her counsel but that never
happened. AAG Kostin makes fun of me on pg5.
That is unprofessional. I am not an attorney, sorry,
if I do not write like one. I try my best. As I
argued in brand one of my Habeas the court's
resolution of my Juan claim was both "contrary

-17-

17

TO" & AN "UNreasonable determination of the facts." They even added elements to the JUAN test that are not required by the 9th cir.

AAG Kostin on pg 6 Lies and claims I agreed with Defense counsel's decision not to call Ms. Werner. DPA Adcock started this Lie at the 2/4/05 sentencing & counsel Dold informed the court that I Never agreed to that decision. 2/4/05 sentencing RP 3-7.

The heart of the confrontation issue is Laid out in Exhibit 6 of the Traverse. Exhibit 6 is the motion to modify the commissioners Ruling. IN Exhibit 6, just like IN Ground one & Two of the Memorandum ECF4 I prove that DPA Adcock used adverse

-18-

Portions of Woerner's police statement against me through the testimony of State's witnesses. I also prove that Ms. Woerner's testimony is necessary to defend against Ms. Kosder & the alleged victims testimony against me. I have No defense without the ability to cross-examine Ms. Woerner. At common Law a rule evolved that required the Prosecutor to call all eye witnesses to the offense. 7 Wigmore, Evidence § 2079 (3d ed. 1940). After Adcock used Woerner in his case in chief it places a duty on him to Present Ms. Woerner. If I am forced to call Woerner My defense is handicapped & I lose the Powerful tool of cross-examination. DPA Adcock is given a tactical advantage in that he can impeach Ms. Woerner with an alleged false statement, and place a stigma on My Defense. Lopez v. U.S., 373 U.S. 427, 444 (1963).

-19-

19

DA Adcock used substantial government interference to gain a tactical advantage. My fair trial right depend on the state presenting Ms. Woerner to the jury so that she does not lose the state's endorsement & the powerful tool of cross-examination. If I have to call her the state can impeach any exculpatory portions of the truth with fake statements DA Adcock coached her into making from the start. Chief Justice Warren stated no good defense attorney would call a witness under these circumstances. Lopez v. U.S., at 441. (373 U.S. 427 (1963).

Not only did I have the right to cross examine Ms. Woerner about whether she was screaming for me to stop, or told Kandy Hodger I was a drug addict, I also had the right to show the jury she told the police that she went with me "Because I (Woerner) didn't want to get shot by drug dealers." ECF 4 At 15.

7-6-16   ☓ matthew R. Ruth

-20-